Law Library

**IN THE SUPERIOR COURT OF GUAM**

EDWIN B. DYDASCO,

    Petitioner,

    vs.

JOSE A. SAN AGUSTIN, Director,
JOSEPH AFAISEN, DTSD
Administrator, MARK T. PEREZ,
Caseworker and Sergeant, ANGUSTIA M.
SAN NICOLAS, Unit Manager, in their
official capacities GUAM DEPARTMENT
OF CORRECTIONS,

    Respondents.

**SPECIAL PROCEEDINGS
CASE NO. SP158-11**

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on February 22, 2013 on the Respondents' Motion to Dismiss. Assistant Attorney General Marianne Woloshuk represented the Respondents, who were not present. Attorney Rebecca M. Warfield represented Petitioner, who was not present. Having reviewed the Parties' submissions and after considering the record, the Court now issues the following Decision and Order.

## BACKGROUND

Petitioner has put forth that he is confined at Department of Corrections (hereinafter "DOC") and he requests the ability to participate in the work release program. This Court previously granted Petitioner's Motion for Appointment of Counsel, Motion to Proceed in Forma Pauperis, and Motion for Service by Marshal. The Respondents moved to dismiss the case and the Petitioner was given an opportunity to oppose.

## DISCUSSION

This decision is to resolve Respondents' Motion to Dismiss the Petition for Writ of Mandamus of a prisoner residing at DOC. Respondents request dismissal for lack of service of process and for a failure to state a claim. Respondents argue that Executive Order 87-23 is

*Edwin Dydasco v. The Jose A. San Agustin, et al.,*
Decision and Order
SP158-11

1

valid and prohibits the ability for Petitioner to get work release because he is currently servicing a sentence for the crime of manslaughter.

Petitioner argues that service was perfected against the government of Guam and that a claim has been stated. Petitioner argues that there are two conflicting executive orders at play and one trumps the other. Executive Order 94-19 states inmates have the right to participate in work release "unless restricted by law."

First, the Court will recognize that service has occurred as the Court previously approved service by Court Marshal. Second, regardless of the completion of service, dismissal is still appropriate based on the second ground stated by the Respondents. There is a restriction that limits work release of certain inmates based on their crimes. If there was a conflict of laws and the two executive orders did not work together, the Court would allow this matter to go to trial.

Yet, the two orders work perfectly together. Executive Order 94-19 leaves room for an additional executive order to limit which inmates can participate in work release as evidence by the "unless restricted by law language." *See* Executive Order 94-19. The Court agrees with the Respondents that there is a failure to state a claim. The Court concludes that Petitioner fails to state a claim and Rule 12(b)(6) of the GRAP requires dismissal. The two executive orders that are relevant to Petitioner do not conflict and Executive Order 94-19 leaves room for an exception like Executive Order 87-23. Executive Order 87-23 is a legal restriction that specifically applies to Petitioner based on his crimes. Executive Order 87-23 expressly prohibits work release for those convicted of manslaughter as Petitioner was. Therefore, Petitioner is unable to ever achieve the remedy he seeks and the case should be dismissed.

## CONCLUSION

This Court hereby GRANTS the Respondents' Motion to Dismiss.

So **ORDERED** this 25th day of February, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

*Edwin Dydasco v. The Jose A. San Agustin, et al.,*
Decision and Order
SP158-11

2